UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN STEELY, et al.,            Case No. 1:11-cv-517

    Plaintiffs,                             Beckwith, J.
                                         Bowman, M.J.
vs.

THE ALLSTATE INDEMNITY
COMPANY,

    Defendant.                           **MEMORANDUM ORDER**

Plaintiffs Brian Steely and Tracy Steely have sued Allstate Indemnity Company ("Allstate") for breach of contract, bad faith, and other related causes of action arising out of a March 19, 2007, automobile accident involving Eva Siemianowski and Mrs. Steely. This matter is now before the Court on a motion by Allstate to quash Plaintiffs' subpoena issued to Factual Photo, Inc. (Doc. 19), and the parties' responsive memoranda. (Docs. 24, 26). Pursuant to local practice, the motion has been referred to the undersigned Magistrate Judge for disposition.[1]

### I. Background and Facts

In 2007, Plaintiff Tracy Steely was the driver during a motor vehicle accident in which the passenger, Eva Siemianowski, Steely's mother-in-law, was injured. At the time of the accident, Steely was insured under an automobile insurance policy issued by Allstate. Siemianowski tendered a claim to Allstate for her injuries which Allstate did not pay or settle, in contravention of Steely's instructions otherwise.

In 2008, Siemianowski sued Tracy Steely for her injuries in state court. Allstate did

---

[1] Also pending before the Court is Allstate's motion to renew stay of expert discovery (Doc. 36) and Allstate's motion for reconsideration of the Court's Order denying its motion for summary judgment. (Doc. 35). Those motions will be adjudicated by the District Judge assigned to this case.

not defend the case, and Siemianowski obtained a default judgment against Tracy Steely for approximately $100,000.  Siemianowski then sued Allstate in state court to collect the default judgment against Tracy Steely and for allegedly acting in bad faith in failing to defend Steely and for failing to settle her claims.  Allstate defaulted on this suit as well and Siemianowski was awarded a $645,000 judgment.  Allstate moved to set aside Siemianowski's $645,000 default judgment on both liability and damages.  The state court, however, only set aside the default judgment as to damages.

During the state court litigation, Allstate sought to interview Tracy Steely.  As a result, at some point in 2010, Allstate retained Factual Photo, a private investigation company, in hopes of locating Steely and/or her mother to determine if service had been effectuated upon her in the state court action and to interview Tracy Steely relating to Siemianowski's damages.  (Doc. 19 at 4).

On April 8, 2010, while discovery on damages on Siemianowski's claims against Allstate was ongoing in state court, Tracy Steely and Siemianowski entered into an agreement to settle the default judgment Siemianowski obtained against Tracy Steely. Thereafter, on July 6, 2010, Allstate entered into an oral settlement agreement with Siemianowski for a release of all her claims against Allstate.  On July 20, 2010, Steely and Siemianowski entered into a new agreement, which is captioned "Amendment to Assignment Agreement," in which Steely purported to revoke the assignment of her claims against Allstate to Siemianowski, or alternatively,Siemianowski assigned Steely's claims against Allstate back to Steely.  On August 6, 2010, Allstate and Siemianowski entered into a written settlement agreement, filed under seal with the Court which included a release of all of Siemianowski's claims against Allstate.

Plaintiffs initiated the instant action in the Brown County Court of Common Pleas on July 20, 2011 against Allstate seeking to recover damages relating to its handling of Tracy Steely's claim arising out of the automobile accident, including claims for breach of contract and bad faith. Allstate removed the case to this Court on July 29, 2011. (Doc. 1).

Thereafter, on January 26, 2012, during the deposition of Brian Steely, Allstate's counsel asked him a series of questions regarding the statements he allegedly gave to Michael Cabnet, a private investigator from Factual Photo. Specifically, Brian Steely was questioned about his relationship with Tracy, and Tracy's whereabouts in March 2010. (Doc. 24, Ex. A, Brian Steely deposition).

Allstate, however, did not identify Factual Photo as a source of information, despite being served with discovery requests specifically seeking investigation documents. Allstate also failed to identify Michael Cabnet as a potential witness under Fed. R. Civ. P. 26. Accordingly, on February 13, 2012, Plaintiffs served a subpoena upon Factual Photo. Plaintiffs also served Allstate with discovery seeking production of all materials related to the Factual Photo investigation of Brian and Tracy Steely.

In response to Plaintiffs' requests, Allstate filed the instant motion to quash Plaintiffs' subpoena issued to Factual Photo. (Doc. 19). Allstate asserts that all the documents and communications generated by Factual Photo for Allstate's investigation are privileged pursuant to the work-product doctrine, and therefore not discoverable. Allstate further asserts that Factual Photo is a non-party to the instant action, and therefore may not produce any information gathered for Allstate's investigation until required to do so by law pursuant to Ohio Revised Code § 4749.13. Plaintiffs, however, assert that Allstate's motion to quash is not well-taken because any privilege that may have existed with respect to the

information subject to Factual Photo's investigation has been waived as a result of Allstate's counsel's solicitation of testimony from Plaintiffs relating to this information.

## II. Analysis

### A. Applicable Law

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(c)(2)(B). If the commanded person objects, "the serving party may move the issuing court for an order compelling production or inspection." *Id.*

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mellon v. Cooper–Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)). In other terms, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In considering the scope of discovery, the Court

should balance a party's "right to discovery with the need to prevent 'fishing expeditions.' " *Conti v. Am. Axle and Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting Bush v. Dictaphone Corp., 161 F.3d 363, 367 (6th Cir. 1998)).

If the information sought relates to a matter that is privileged, the generally broad scope of discovery does not apply. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant...."). Additionally, a party may not ordinarily discover documents or other materials "prepared in anticipation of litigation...." Fed. R. Civ. P. 26(b)(3). Nevertheless, if a party withholds information based on privilege or the work-product doctrine, the party is required to explicitly make such a claim and "describe the nature of the documents, communications, or tangible things not produced or disclosed-and in doing so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5); *see also Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.,* No. 2:07–cv–1190, 2010 WL 4117552, at *5 (S.D. Ohio Oct.19, 2010) (providing that a privilege log is "required by Fed. R. Civ. P. 26(b)(5) in order to alert the opposing parties that documents have been withheld on grounds of privilege...."). Furthermore, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999); *see also Jones v. St. Jude Med. S. C., Inc.*, No. 2:08–cv–1047, 2011 WL 829086, at *4 (S.D. Ohio Mar. 3, 2011) (if documents in question are otherwise discoverable, a party opposing discovery pursuant to the work-product doctrine bears the burden of demonstrating that the documents in question were prepared in anticipation of litigation).

### B. Allstate's Motion to Quash is not Well-taken

As detailed above, Allstate maintains that Plaintiffs are not entitled to discovery regarding any matters related to its private investigator, Factual Photo, on two grounds. First, Allstate asserts that such information is protected by the work-product doctrine. Next, Allstate maintains that disclosure of such information is also prohibited by Ohio Rev. Code § 4749.13. For the reasons that follow, the undersigned finds that Allstate's assertions are not well-taken.

As detailed above, the work product doctrine protects documents and tangible things prepared by or for an attorney in anticipation of litigation. *See In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986). The purpose of the protection is to ensure that attorneys are "free to conduct research and prepare litigation strategies without fear that these preparations will be subject to review by outside parties. *In re Grand Jury Subpoenas*, 454 F.3d 511, 520 (6th Cir. 2006).

Under certain circumstances, however, a party may waive a claim under the work-product doctrine. *Itskin v. Gibson,* No. 2:10-cv689, 2011 WL 5326165 at *5 (S.D. Ohio Nov. 7, 2011) *(citing In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 304 (6th Cir. 2002)). Because the purpose of the work-product doctrine is to protect the relevant work "from falling into the hands of an adversary," disclosure of protected materials to a third-party will often waive the protection of the work-product doctrine. *Itskin,* 2011 WL 5326165 at *5 (citing *In re Chevron Corp.*, 633 F.3d 153, 165 (3rd Cir. 2011)). When work product is disclosed to a third party, the key issue becomes whether "the material is disclosed in a manner inconsistent with keeping it from an adversary...." *Id.*

In this case, the Court agrees that Factual Photo's private investigator prepared the relevant materials for Allstate in anticipation of litigation. Notwithstanding such a determination, the undersigned finds that Allstate has waived its right to protect Factual Photo's investigation information as a result of Allstate's own discussion and disclosure of such information. *See Itskin,* 2011 WL 5326165, *6.

Notably, during the deposition of Brian Steely, Allstate's counsel asked the following series of questions relating to Brian Steely's contact with Factual Photo investigator, Michael Cabnet, regarding the whereabouts of Tracy Steely:

> Q. Do you recall speaking with a private investigator who was trying to locate Tracy with respect to the lawsuit that Eva Sieminaowski had filed against her?
>
> A. No, I don't
>
> Q. Do you recall speaking with anyone from the company Factual Photo who was trying to locate Tracy Steely?
>
> A. No, I don't. That name I think I would remember.
>
> Q. Do you recall speaking with anyone other than me in the winter of 2010 who was trying to locate Tracy?
>
> A. No, I don't. You're the only person that I remember from a representative of Allstate I remember having a discussion with.
>
> Q. Our records show that a private investigator from Factual Photo spoke with you at least two times in March 2010. You're saying that you don't recall that at all?
>
> A. No.
>
> Q. The investigator's report states that you told him you were Tracy's ex-husband. Do you recall such thing?
>
> A. No, I don't.
>
> Q. The investigator's report said that you would contact the investigator later and confirm or deny Tracy's whereabouts but that you never

provided information to them.

    A. I don't remember that.

    Q. You don't remember that?

    A. No.

    Q. The private investigator to whom I was referring, his name is Michael Cabnet. C-A-B-N-E-T. Do you recognize that name?

    A. No, I do not.

(Doc. 24, Ex. A, Brian Steely deposition at 86-88).

The undersigned finds that this exchange waived any privilege that Allstate may assert related to Factual Photo's investigation materials. As detailed above, the *Itskin* court noted that "[w]hen work product is disclosed to a third party, the key issue becomes whether the material is disclosed in a manner inconsistent with keeping it from an adversary...." *Itskin,* 2011 WL 5326165 at *5. In *Itskin*, this Court examined the application of the work-product privilege with respect to materials produced by a private investigator in anticipation of litigation. *Id.* The Court found in relevant part:

> Plaintiff has waived his right to protect the matters as work product, with regards to certain documents, through disclosure. Specifically, by permitting his private investigator to display photographs and other documents to Defendant, in conjunction with the threat of a lawsuit, Plaintiff has disclosed materials in a manner inconsistent with the purpose of the work-product doctrine.

*Id.* at *6.

Here, Allstate asserts that it limited its disclosure to elements of the investigation report that included "only those party-opponent communications and contacts that investigator had with the Plaintiffs." (Doc. 26 at 6). As such, Allstate argues that such disclosure did not waive work-product protection. Allstate's assertion is not well-taken.

-8-

As noted by Plaintiffs, Allstate failed to disclose the existence of Factual Photo in its initial disclosures and in response to discovery requests from Plaintiffs. Therefore, Plaintiffs would not know of this investigation or the existence of these statements by Brian Steely without Allstate's counsel addressing the issue during Brian Steely's deposition. Moreover, Allstate not only admitted that it hired a private investigator and identified the existence of the investigation report, but further disclosed the name of the private investigator, specific statements included in the investigation report, and the date such statements were made. Thus, Allstate's questioning of Brian Steely demonstrates that Allstate disclosed information relating to Factual Photo's investigation materials in a manner inconsistent with keeping it from an adversary.

Furthermore, it appears that Allstate questioned Brian Steely in such a way to establish that he purposefully misled the private investigator and/or was untruthful in an attempt to discredit his testimony. The Sixth Circuit has recognized that, when a party uses "the content of privileged communications" offensively, it is troublesome for the party to subsequently claim privilege "as a shield to prevent either testing of the claim or, if some privileged communications have been revealed, amplification or impeachment of the material." *Ross v. City of Memphis*, 423 F.3d 596, 605 n. 5 (6th Cir. 2011). Thus, "the privilege may be implicitly waived when the defendant asserts a claim that in fairness requires examination of protected communications." *Id.* at 605 (citation omitted); *see also In re Grand Jury Proceedings Oct. 12, 1995,* 78 F.3d 251, 256 (6th Cir. 1996) (directing that the scope of a privilege waiver "must be guided by fairness concerns").

Here, the Court agrees that Allstate is seeking to use the information obtained from Factual Photo as both a sword and a shield. Allstate may not shield this information from

disclosure, yet use it as the basis to attack the credibility of a witness during deposition. Thus, the undersigned finds that Allstate has waived any privilege that may have existed with respect to the Factual Photo investigation file and that Plaintiffs are entitled to discover such information.

Additionally, Allstate's assertion that Factual Photo is protected from producing its investigation file under Ohio Revised Code §4749.13(B) is misplaced. This section of the Ohio Revised Code places prohibitions on private investigators providing, in pertinent part, that no person licensed in the business of private investigation shall "[d]ivulge any information acquired from or for a client to persons other than the client or the client's authorized agent without express authorization to do so or unless required by law ...." Ohio Rev. Code § 4749.13. Allstate asserts that this statute prohibits the disclosure of *any information* generated by Factual Photo for Allstate. Contrary to this assertion, *Itskin* expressly rejected the theory that Ohio Rev. Code. §4749.13 restricts discovery of information gathered by private investigators:

> The statute requires private investigators to keep as confidential information they gather for or learn from a client, unless their client consents to, or the law requires, disclosure. The statutory language, however, is devoid of any indication that the client of a private investigator who subsequently chooses to bring a lawsuit, or who faces a lawsuit relating to an investigation, may then use § 4749.13 to shield information gathered in an investigation from discovery. On its face, Ohio Revised Code § 4749.13 requires only that the private investigator not divulge information unless required by law. The statute does not indicate or imply that once in the hands of the client, information a private investigator gathers is protected from discovery. Furthermore, § 4749.13 explicitly acknowledges that the law may in certain instances require a private investigator to disclose information.

*Itskin*, 2011 WL 5326165 at * 4.

Accordingly, in light of the facts of this case, the undersigned finds that Ohio Rev.

Code. §4749.13 does not preclude discovery of the disputed information.

### III. Conclusion

Based on the foregoing, Allstate's motion to quash (Doc. 19) is herein **DENIED**, and Plaintiffs' are entitled to discover Factual Photo's investigation file.[2]

**IT IS SO ORDERED.**

                                     *s/Stephanie K. Bowman*
                                     Stephanie K. Bowman
                                     United States Magistrate Judge

---

[2] In response to Allstate's motion to quash, Plaintiffs' moved, in the alternative, for a motion *in limine* to exclude any reference or reliance of such information at trial. Because the undersigned finds such information discoverable, this request may be moot. However, whether such evidence is admissible at trial is a matter to be decided by the District Judge assigned to this case.